## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————————

SKYLER SHELDON,

       Plaintiff,

    v.                                 No. 1:23-cv-00813 KWR/KRS

UNIVERSITY OF NEW MEXICO,
THE UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS, MICHELLE SANCHEZ,
BEN ZINKE, and ANGELA CATENA,

       Defendants.

## ORDER DIRECTING SERVICE AND SETTING BRIEFING SCHEDULE

THIS MATTER comes before the Court upon Plaintiff's Motion for Temporary Restraining Order **(Doc. 5)**. For the reasons stated below, the Court declines to enter a temporary restraining order enjoining the September 26, 2023 disciplinary hearing, but will order further briefing on preliminary injunction.

This case arises from a Title IX university disciplinary proceeding, in which Plaintiff is alleged to have committed a sexual assault. Plaintiff requests that the Court enjoin the (1) disciplinary proceedings and the (2) disciplinary hearing scheduled for September 26, 2023, on the basis of alleged due process violations. Some of the alleged due process violations appear to be prospective.

The purpose of preliminary injunctive relief is to "preserve the relative positions of the parties" until a hearing or trial on the merits can be held. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "In issuing a preliminary injunction, a court is primarily attempting to preserve the power to render a meaningful decision on the merits." *Keirnan v. Utah Transit Auth.*, 339 F.3d

1217, 1220 (10th Cir. 2003) (quotation marks and citation omitted). "A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

To obtain a preliminary injunction or temporary restraining order, Plaintiff must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

The Court declines to enter a temporary restraining order enjoining the September 26, 2023 disciplinary hearing based on the record currently before it.  It is unclear at this time whether Plaintiff has shown a substantial likelihood of success on the merits.  Under the *Younger* abstention doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227–28 (10th Cir. 2004).  The *Younger* doctrine can apply to a state-court civil proceeding, including disciplinary proceedings which are not held in a state court.  *Id.* at 1228; *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (*Younger* abstention applies to disciplinary proceeding regarding medical license); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116

(1982) (applying *Younger* abstention to state bar disciplinary proceedings).  A district court may raise *Younger* abstention *sua sponte*.  *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (noting that "abstention may be raised by the court *sua sponte*"); *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 & n.3 (10th Cir. 1996) (raising and applying *Younger* abstention doctrine *sua sponte*, and holding that parties need not raise the *Younger* abstention doctrine to preserve its applicability); *S.F.M. by & through Baker v. Gilmore*, No. 17-2574, 2018 WL 1536504, at *3 (D. Kan. Mar. 29, 2018) ("[A] court may raise the application of *Younger* sua sponte.").

The Sixth Circuit found that *Younger* abstention applied to a similar request to enjoin a Title IX university disciplinary hearing for alleged sexual assault.  *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017).

Reviewing the record, *Younger* abstention may apply to this case.  Therefore, to the extent Plaintiff seeks a TRO enjoining the Defendants from proceeding to a hearing on September 26, 2023, the Court declines to issue one at this time.  However, to the extent Plaintiff continues to seek to enjoin the rest of the disciplinary proceeding, the Court will order briefing on the merits of the preliminary injunction and whether *Younger* abstention applies. Therefore, Plaintiff shall serve the complaint and summons, the TRO motion, and this order on the appropriate Defendants. Plaintiff shall file a certificate of service on the docket.

Defendants shall respond to the motion for temporary restraining order or preliminary injunctive relief **(Doc. 5)** within **fourteen (14) days** of service of the motion and this order. Plaintiff may reply within **fourteen (14) days** of the filing of the response.  The parties should attach all evidence they wish the Court to consider, such as affidavits, or explain in detail why an evidentiary hearing is necessary.

**IT IS SO ORDERED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE