UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLER SHELDON,

    *Plaintiff*,

v.                                                  Civ. No:  23-CV-813 KWR/KRS

THE UNIVERSITY OF NEW MEXICO,
*a public university,*
THE UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS,
*in their official capacities,*
ANGELA CATENA,
*in her official capacity,*
MICHELLE SANCHEZ,
*in her official capacity,*
and
BEN ZINKE,
*in his official capacity,*

    *Defendants*.

**PLAINTIFF SHELDON'S RENEWED EMERGENCY
MOTION FOR DECLARATORY RELIEF**

Plaintiff Skyler Sheldon, by and through undersigned counsel, renews his motion for a temporary restraining order ("TRO") and/or Preliminary Declaratory Relief against the Defendants in this matter.  Plaintiff Sheldon renews his motion because (1) the *Younger* abstention doctrine does not apply to this matter and (2) so the Court can enter an order declaring that due to the past violations of federal law in this case, Defendants are barred from taking any action or imposing any discipline against Plaintiff Sheldon in the underlying Title IX case at the University of New Mexico (hereinafter "UNM").  As of the filing of this brief, UNM's Title IX hearing is set to take place on November 29, 2023, at 9 a.m.  Plaintiff Sheldon seeks to have the

Court declare that no matter what the outcome of that hearing may be, since UNM's Title IX investigation has violated federal law, UNM cannot under any circumstance take any action or impose any discipline upon Plaintiff Sheldon.[1]

### *YOUNGER* ABSTENTION DOCTRINE DOES NOT APPLY TO THIS CASE

As Plaintiff Sheldon has argued to the Court in another pleading, *see* Dkt. 24, this Court has jurisdiction to resolve the federal question presented here because the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971) does not apply to this case. Simply put, UNM does not allow attorneys to provide any legal advice to Title IX participants like Plaintiff Sheldon. Under UNM's rules governing attorneys who act as advisors to students in Title IX hearings, attorneys "shall not provide legal advice to Parties on any matter."[2] *See* UNM's Administrative Hearing Procedures: Allegations of Violations of Civil Rights Policies (hereinafter "Hearing Procedures"), § 2.2.1, attached here as Exhibit 1.[3] UNM's rule barring legal advice to students who are embroiled in Title IX hearings is underscored by the fact that attorneys "shall not treat the pre-hearing or hearing process as a legal proceeding regardless of whether the Advisor is also a licensed attorney." *See* Hearing Procedures, § 2.2. UNM has unequivocally stated that Title IX "Hearings are not legal proceedings" at all. *Id*.

UNM's position that Title IX hearings are not even remotely quasi-judicial or quasi-criminal is in keeping with UNM's refusal to allow federal constitutional questions to be considered during Title IX hearings. As the Court can see from UNM's rules, the constitutional

---

[1] Plaintiff Sheldon has reached out to Defendants' counsel who indicated that the relief requested in this motion is opposed.
[2] This prohibition creates a very serious First Amendment problem for UNM in terms of limiting free speech and the right to associate with competent legal counsel.
[3] While this language is taken from the rule governing UNM Advisors, UNM's rules clearly state that "Advisors who are attorneys retained by a Party must follow the rules applicable to all Advisors," including UNM Advisors. *See* Hearing Procedures, § 2.2.2.

questions cannot be entertained at the administrative hearing. *See* Hearing Procedures, § 2.2 (noting that legal advisors cannot "object during hearings, offer motions . . . or otherwise engage in conduct that is beyond the Advisor's role as set forth in the preceding Article"); § 5.3 (stating that the hearing officer can only consider the evidence in the investigative file and testimony presented at the hearing). Nor can federal constitutional claims be considered during UNM's appeal process. *See* Discrimination Grievance Procedure, § X (outlining only three grounds for an appeal: (1) procedural irregularity; (2) newly discovered evidence; and (3) bias of the Title IX Coordinator, investigator, or decision maker), attached here as Exhibit 2. As stated in UNM's appellate rules, "No other grounds for appeal will be considered." *Id.*

Under well-established Supreme Court precedent, any enforcement hearing that fails to permit federal constitutional issues to be entertained and resolved does not qualify for federal jurisdictional abstention under *Younger*. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977) (applying *Younger* only when the "opportunity to fairly pursue their constitutional claims in the ongoing state proceedings" was present); *see also Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) (holding an ethics proceeding was quasi-judicial because the respondent had the opportunity to raise constitutional challenges and have them "decided by a competent state tribunal"). As UNM's rules governing this Title IX hearing prevent Plaintiff Sheldon's legal counsel from even discussing constitutional issues with Plaintiff Sheldon, which prevents constitutional issues from being presented to UNM for resolution (which by rule UNM cannot consider), UNM runs afoul of the holdings in *Juidice* and *Middlesex*. Accordingly, the Court should address the merits of Plaintiff Sheldon's case and refrain from abstaining the exercise of federal jurisdiction under *Younger*.

**PLAINTIFF SHELDON HAS ESTABLISHED HIS RIGHT TO RELIEF BECAUSE UNM PROCEEDED TO A FORMAL INVESTIGATION WITHOUT A FORMAL COMPLAINT AND THEN FAILED TO FOLLOW MANDATORY FEDERAL LAW DURING ITS TITLE IX INVESTIGATION; THOSE FAILURES DEPRIVE UNM OF ANY ABILITY TO IMPOSE DISCIPLINE ON PLAINTIFF SHELDON AND THIS COURT SHOULD AFFIRMATIVELY DECLARE THAT TO BE THE CASE**

Plaintiff Sheldon would like to modify his request for relief in his renewed request for emergency declaratory relief. While the initial request sought to vacate the Title IX hearing, Plaintiff Sheldon no longer requests that form of relief. What Plaintiff Sheldon seeks is an emergency declaration from the Court that UNM's failure to follow federal law has rendered UNM incapable of taking any action, disciplinary or otherwise, against him, as clearly and unequivocally stated in the federal regulations governing Title IX hearings. The grounds for Plaintiff Sheldon's request for relief are based on UNM's past violations of federal law, not future prospective claims. At this time the Court should declare that UNM cannot take any action against Plaintiff Sheldon, disciplinary or otherwise, so Plaintiff Sheldon can focus on his education and excuse himself from the illicit Title IX proceedings at UNM.[4]

**LEGAL STANDARD**

"A temporary restraining order is meant to preserve the status quo before a final decision on the merits. The status quo is defined as 'the last peaceable uncontested status existing between the parties before the dispute developed." *Miller v. Austin*, 622 F. Supp. 3d 1105, 1110 (D. Wyo. 2022) (internal citations and punctuation omitted).

To obtain a TRO, Plaintiff Sheldon must show (1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm if the injunction is not granted; (3) the

---

[4] Plaintiff Sheldon adopts the factual arguments made in his Complaint, Dkt. 1, his corrected motion for a TRO, Dkt. 8, and the factual and legal arguments in his response to the Court's *sua sponte* order on *Younger*, Dkt. 24.

balance of equities is in [his] favor; and (4) the [temporary] injunction is in the public interest." *See Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013). "The likelihood-of-success and irreparable-harm factors are 'the most critical' in the analysis." *See Legacy Church, Inc. v. Kunkel,* 455 F. Supp. 3d 1100, 1132 (D.N.M. 2020). *See also* Fed. R. Civ. P. 65.

## ARGUMENT

### *Plaintiff Sheldon has shown a likelihood of success on the merits.*

Plaintiff Sheldon has demonstrated a substantial likelihood of success on the merits. To date, Defendants have offered absolutely no evidence that a formal complaint – as defined under 34 C.F.R. § 106.30(a) – was ever obtained in this case. *See* Exhibit 3, Declaration of Skyler Sheldon. Defendants admitted that the CP did not sign a formal complaint. Dkt. 17, p. 5. Defendants cannot produce any evidence that UNM's Title IX Coordinator signed an authorization to proceed with a formal complaint – which is required under 34 C.F.R. § 106.30(a) – because no such document exists. UNM's Title IX Coordinator, the individual with authority to authorize a formal complaint, wanted to close the case; she never authorized this matter to proceed to a formal investigation. *See* Dkt. 8-1, p. 2 (the "University acting as complainant" box was never checked by the Title IX Coordinator). Nevertheless, UNM's Title IX Compliance Officer (who has since been terminated) proceeded with a formal disciplinary process without any valid formal complaint from either the CP or the Title IX Coordinator. Proceeding to a formal investigation without a formal complaint violates federal law. *See* 34 C.F.R. § 160.44(b)(1) (noting that without a formal complaint, UNM was limited to following 34 C.F.R. § 106.44(a)); *see also* 34 C.F.R. § 160.45(b)(1)(i) (noting that after a formal complaint has been filed, UNM must follow "a grievance process that complies with § 160.45 *before the*

*imposition of any disciplinary sanctions or other actions* that are not supportive measures as defined in § 160.30 against a respondent") (emphasis added).

Assuming arguendo that UNM could overcome the formal complaint requirement, UNM still had to follow the grievance procedures outlined under 34 C.F.R. § 160.45(b) to proceed to a lawful Title IX hearing.  But UNM ignored the investigational requirements outlined under federal law.  As noted previously, UNM did not meet the written requirements for the notice of allegations under 34 C.F.R. § 160.45(b)(2) (stating that UNM "*must provide the following written notice* to the parties who are known") (emphasis added) before embarking on a formal investigation.  UNM's notice of jurisdiction, provided to Plaintiff Sheldon on July 20, 2022, failed to explicitly address UNM's grievance policy within it, failed to explicitly say that an attorney could act as an advisor, and failed to explicitly alert Plaintiff Sheldon of his right to inspect the evidence in his case.  *See* Dkt. 8-2.  While Defendants claim that all that information was available in a hyperlink embedded in the notice, federal law requires the *written* communication to the respondent to address those matters, not random language hidden in a hyperlink in that communication.

But the real damage, damage that cannot be undone, is UNM's failure to alert Plaintiff Sheldon about investigative meetings and interviews that UNM undertook.  *See* Exhibit 3, ¶¶ 10-11.  UNM had a duty to not "restrict the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence," and to provide "to a party whose participation is invited or expected, written notice of the date, time, location, participants, and purpose of all hearings, investigative interviews, or other meetings, with sufficient time for the party to prepare to participate."  *See* 34 C.F.R. § 106.45(b)(5)(iii) & (v).  UNM never alerted Plaintiff Sheldon to any investigative interviews with any witness involved in this case or any

6

meeting with UNM Police Department to review the evidence associated with this case. UNM's failure to invite Plaintiff Sheldon to such interviews and meetings unfairly restricted Plaintiff Sheldon's ability to "gather and present relevant evidence." *See* 34 C.F.R. § 106.45(b)(5)(iii). For instance, while UNM finally disclosed the UNM Police interviews for Plaintiff Sheldon to review after the Final Investigative Report was filed, UNM did so after the close of evidence in this matter. UNM did not offer Plaintiff Sheldon an opportunity to amend the Final Investigative Report based on information gleaned from reviewing those videos either. *See* Exhibit 4 (July 17, 2023 email from UNM to Plaintiff Sheldon stating that the investigation was considered closed). UNM's failure to provide written notice of witness interviews and other meetings is fatal to UNM's ability to impose any disciplinary action in this matter. *See* 34 C.F.R. § 106.45(b)(1)(i) (stating that UNM's "grievance process must" follow "a grievance process that complies with this section before the imposition of any disciplinary sanctions or other actions" may be taken against a respondent).

### *Plaintiff Sheldon has shown irreparable harm.*

As UNM does not have a formal complaint, and did not follow federally mandated grievance rules, UNM cannot impose any discipline or take any action against Plaintiff Sheldon under federal law. *Id*. As this point, forcing Plaintiff Sheldon to appear and defend the Title IX case that UNM will present on November 29, 2023 presents irreparable harm to Plaintiff Sheldon, who would much rather dedicate his time and energy to his academic studies. The Court has the ability to formally excuse Plaintiff Sheldon from the November 29, 2023 hearing by affirmatively declaring what federal law clearly states: due to the lack of a formal complaint and the failure to abide by federally mandated grievance rules, UNM cannot impose any

discipline or take any action against Plaintiff Sheldon no matter what the outcome of the November 29, 2023 hearing may be.

Due to the lack of a formal complaint and the procedural grievance failures associated with this case, UNM's November 29, 2023 hearing is a legal nullity. Plaintiff Sheldon will encounter irreparable harm in the legal fees, time and energy that attending this illicit hearing will entail. Given that UNM's violations of federal law prevents UNM from taking any action, disciplinary or otherwise, against Plaintiff Sheldon, Plaintiff Sheldon seeks an order from this Court declaring that UNM has violated federally imposed Title IX law, and therefore is barred from taking any action against him. Otherwise, Plaintiff Sheldon will face irreparable harm in having to endure an illegitimate Title IX hearing.

### *The balance of equities favors Plaintiff Sheldon.*

As to the balance of equities, Plaintiff Sheldon's interest in fair administration of the Title IX procedures – including the right to proper notice of the witness interviews and other Title IX meetings concerning his case – mirrors the interests of the Defendants in "maintaining and enforcing Title IX procedures." Dkt. 17, p. 15. Plaintiff Sheldon's request for emergency declaratory relief seeks to vindicate his federally mandated rights. Because the fair administration of Title IX investigations and hearings in compliance with federal mandated safeguards is in both party's interests, this factor favors Plaintiff Sheldon.

### *An injunction is in the public interest.*

Similarly to the previous factor, the public has both an important interest in eliminating sexual violence from college campuses and a strong interest in having fair and impartial Title IX hearings with a process that protects Plaintiff Sheldon's federally mandated rights. And as the Tenth Circuit has stated, "it is always in the public interest to prevent the violation of a party's

8

constitutional rights." *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013). Accordingly, this factor also strongly favors Plaintiff Sheldon.

## PRAYER FOR RELIEF

As Plaintiff Sheldon has shown (1) a likelihood of success on the merits, (2) irreparable harm in having to attend UNM's improper Title IX hearing on November 29, 2023, (3) the balance of equities in his favor, and (4) that the public interest will not be harmed by declaring UNM violated federally mandated rules, the Court should enter an order declaring that while the November 29, 2023 hearing may proceed, UNM will be barred from imposing any discipline or taking any other action against Plaintiff Sheldon due to the procedural errors related to UNM's Title IX investigation.

Respectfully submitted,

ROTHSTEIN DONATELLI LLP

_____
MARC M. LOWRY
MARGIE A. RUTLEDGE
500 4th St., NW Suite 400
Albuquerque, New Mexico 87102
505-243-1443

*Attorneys for Plaintiff Skyler Sheldon*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2023, I filed the foregoing using the CM/ECF system, which will electronically send notification of such filing to all counsel of record; given that counsel have not entered an appearance in this case, undersigned counsel has emailed a copy of the motion to Kathy Black of Stiff, Garcia and Associates.

_____
ROTHSTEIN DONATELLI LLP