# ADMINISTRATIVE HEARING PROCEDURES: ALLEGATIONS OF VIOLATIONS OF CIVIL RIGHTS POLICIES

**ARTICLE 1. INTRODUCTION AND GENERAL PROVISIONS**

**1.1 Introduction**. This document provides a standard operating procedure for the Grievance Hearing Process referenced in Section VI(C)(3)(i) of the Discrimination Grievance Procedure ("DGP") issued by the Office of Compliance, Ethics, & Equal Opportunity ("CEEO") and performed by the UNM Hearing Office for alleged violations of the University's Discrimination Policies (University Administrative Policies ("UAP") 2310, 2720, 2740, and/or 3110) and/or applicable/related Student Codes of Conduct. This procedure may be incorporated in another procedure by reference.

For the process governing hearings that do not involve allegations of violations of the University's Non-Discrimination Policies, see https://oeo.unm.edu/forms/pdf/oeo-dgp.pdf .

**1.2 General Provisions**

**1.2.1   Calculation of Time, Extension of Time Limits and Good Cause.** Unless otherwise specified herein, the term "days" refers to regularly recognized University business days, and does not include weekends, holidays, or other University closures. The Hearing Officer shall extend any time limit set forth in these rules for good cause upon request from the Parties. Good cause may include the following: that a time limit includes finals week, periods such as vacations, holidays, or intersessions, the absence of one or both Parties, or the absence of Hearing Office staff from the institution. Any time extension shall be communicated in writing to all Parties along with a new written schedule.

**1.2.2   Decisionmaker Training.** The Hearing Officer shall be required to complete specific training prior to conducting a hearing. Such training will be prescribed by the CEEO, the Title IX Coordinator, University policy, procedure, or by order of the Board of Regents or the President. If so prescribed or ordered, the Hearing Coordinator will work with the appropriate University Department to obtain and provide the required training to the Hearing Officer prior to the hearing.

**Support Persons:** If determined appropriate pursuant to the accommodation set forth in Section 3.1.1, individuals designated by a Party may attend the Pre-Hearing Conference and hearing to provide emotional or physical support to a Party. A support person <u>cannot</u> be a potential Witness in the hearing an Advisor nor can they be someone in a Party's supervisory chain if the Party is a University employee.

**Witness**: Any person who may have knowledge of the evidence in an investigation or complaint, including but not limited to the Complainant and Respondent.

### ARTICLE 2: ROLES AND RESPONSIBILITIES

**2.1 Advisors, Generally.** The role of *any* Advisor is to conduct Cross-Examination of the other Party and Other Party's Witnesses. Cross-Examination may include questions that challenge the credibility of the Witness.

An Advisor may appear and conduct Cross-Examination even when the Party whom they are advising does not attend the hearing. An Advisor may be excused from a hearing if the Party does not attend the hearing and the Party did not consult with the Advisor regarding Cross-Examination questions.

Advisors shall not answer any question directed at the Parties or their Witnesses.

An Advisor may also assist a Party throughout the entire grievance process and assist a Party in preparing for and participating in the pre-hearing process as agreed upon by the Advisor and the Party.

**2.2 Advisors, Limitations.** Hearings are not legal proceedings. Advisors shall not treat the pre-hearing or hearing process as a legal proceeding regardless of whether the Advisor is also a licensed attorney. Advisors may not negotiate a settlement or stipulation on behalf of an advisee, confer with another Party's Advisor, object during hearings, offer motions, engage in discovery such as contacting or deposing witnesses, request additional documentary evidence from the other Party, present opening or closing statements, provide witness testimony or otherwise engage in conduct that is beyond the Advisor's role as set forth in the preceding Article.

**2.2.1 UNM Advisors:** Advisors who have been assigned to a Party by UNM shall not provide legal advice to Parties on any matter. UNM Advisors are not involved in the appeal process other than to assist the Party in locating the forms to submit an appeal.

**2.2.2 Private Advisors/Attorney Advisors:** Private Advisors and Advisors who are attorneys retained by a Party must follow the rules applicable to all Advisors. Parties seeking an Attorney Advisor must do so at their own expense. Nothing in this Article shall prohibit Attorney Advisors from providing other legal services to a Party.

**5.3 Administrative Hearing Determination.** In making a determination, the Hearing Officer considers all available evidence in the investigative file, contained in the Investigative Report, and any testimony presented at the hearing. The Administrative Hearing Determination shall include the following information as appropriate to the circumstances:

- The policies implicated;
- A brief statement indicating whether or not a policy violation was found;
- A brief procedural history;
- In the event an advisor was excused from the hearing, the reasons for excusal;
- If a Party did not attend or refused to fully participate, a statement indicating that the Hearing Officer made no inference as to the Party's absence or refusal to answer questions;
- If the hearing was delayed, the reason for the delay and rationale for rescheduling it;
- A statement of the procedures applied to the hearing, including the burden of proof standard;
- Whether there were any disruptions to the hearing resulting in the issuance of warnings by the Hearing Officer and, if a participant was removed from the hearing, the reasons for such removal and any resulting delays from such disruptions;
- A list of witnesses who testified at the hearing;
- An analysis of each alleged policy violation and the evidence relied upon by the Hearing Officer, including the weight given to a particular statement or piece of evidence, in determining whether the Respondent violated such policy;
- A brief review of evidence excluded by the Hearing Officer, including written statements and testimony offered by a Party or Witness, and the rationale for doing so;
- Sanctions, if any, determined by the sanctioning authority. The sanctioning of faculty Respondents for UAP 2720 and 3110 violations, however, will not be included in the Administrative Hearing Determination, but will be issued separately by the faculty Sanctioner pursuant to the UNM Faculty Handbook, or CBA, as appropriate. Determinations wherein a violation of UAP 2740 was found will include the sanction in the Administrative Hearing Determination.
- Statement indicating how and when an appeal may be taken.