IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SKYLER SHELDON,

    Plaintiff,

v.                                                                  No. 1:23-cv-00813 KWR/KRS

UNIVERSITY OF NEW MEXICO,
THE UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS, MICHELLE SANCHEZ,
BEN ZINKE, and ANGELA CATENA,

    Defendants.

## ORDER REGARDING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court upon Plaintiff's Second Motion for Temporary Restraining Order **(Doc. 25)**. The relief sought is unclear. Plaintiff asserts he will suffer irreparable harm from "endur[ing] an illegitimate Title IX hearing." **Doc. 25 at 8**. Elsewhere, he states that he does not seek to enjoin the hearing, but seeks a declaration that "UNM will be barred from imposing any discipline or taking any other action against Plaintiff Sheldon due to the procedural errors related to UNM's Title IX investigation." **Doc. 25 at 10**. For the reasons stated below, the Court declines to issue a temporary restraining order prior to the November 29, 2023 hearing.

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule." *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019). "[B]ecause a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir.2012) (citations omitted).

To obtain a preliminary injunction or temporary restraining order, Plaintiff must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; *and* (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).

A movant "must establish ... that he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). "[C]ourts have consistently noted that because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements will be considered. Demonstrating irreparable harm is not an easy burden to fulfill." *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (internal citations and quotation marks omitted).

"[P]laintiff satisfies the irreparable harm requirement by demonstrating a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (internal quotation omitted). Harm must not be speculative, rather Plaintiff bears the burden of showing a significant risk of harm. *Id.* That harm "must be both certain and great," not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001), *quoted in State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 884 (10th Cir. 2021).

Here, Plaintiff asserts that he will suffer irreparable harm from attending or enduring the Title IX hearing on November 29, 2023. Doc. 25 at 7-8.  The Court does not believe attending or enduring the hearing constitutes irreparable harm warranting a temporary restraining order.

A deprivation of constitutional rights may constitute irreparable harm. Here, however, Plaintiff does not seek this second temporary restraining order on the basis of a constitutional violation, but rather on the basis of a violation of Title IX regulatory procedures. *See* Doc. 25.  He does not mention a constitutional violation under his analysis of the merits. Doc. 25 at 5-7. Moreover, in his briefing he does not assert that he would be irreparably harmed attending the hearing, on the basis of a constitutional violation. *See* Doc. 25 at 7-8. Rather, he asserts he would be harmed by enduring an "illegitimate" hearing.  The hearing is apparently illegitimate due to the alleged violations of federal agency regulations. Moreover, no disciplinary action is taken at the hearing.

Because the Court finds that Plaintiff has failed to show irreparable harm, Plaintiff's request for a temporary restraining order prior to the hearing necessary fails. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016).

Alternatively, to the extent irreparable harm is established, the Court is not convinced that the public interest would be served by issuing the temporary restraining order prior to the November 29, 2023 hearing, or that the balance of equities tips in Plaintiff's favor. The Tenth Circuit has recognized that schools have a legitimate interest in providing a safe environment for students. *See Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 341 F.3d 1197, 1201 (10th Cir. 2003) ("There is no doubt the School has a legitimate interest in providing a safe environment for students and staff."); *West v. Derby Unified Sch. Dist. No. 260*, 206 F.3d 1358, 1364 (10th Cir. 2000) ("[M]aintaining security and order in the schools requires a certain degree of flexibility in school

3

disciplinary procedures."). The Court is not convinced that nullifying a hearing before it occurs would serve the public interest.

Therefore, the Court declines to issue a temporary restraining order prior to the November 29, 2023 hearing. Plaintiff also seeks a declaration prior to any discipline being issued. Plaintiff would be disciplined, if at all, after the hearing. The Court will convert the remainder of the motion to one for preliminary injunction, and rule after it is fully briefed.

**IT IS SO ORDERED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE